Mazibuko v. Lynch

BIA
Montante, IJ
A029 010 395

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand fifteen.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

DAVID DUDUZA MAZIBUKO,
> *Petitioner,*

> v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

14-728
NAC

FOR PETITIONER:           Samuel N. Iroegbu, Albany, NY.

FOR RESPONDENT:           Joyce R. Branda, Acting Assistant
                          Attorney General; Anthony C. Payne,
                          Senior Litigation Counsel; Yedidya
                          Cohen, Trial Attorney; Jonathan K.

Ross, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner David Duduza Mazibuko, a native and citizen of South Africa, seeks review of a February 12, 2014, decision of the BIA affirming a January 26, 2012, decision of an Immigration Judge ("IJ") denying Mazibuko's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mazibuko*, No. A029 010 395 (B.I.A. Feb. 12, 2014), *aff'g* No. A029 010 395 (Immig. Ct. Buffalo Jan. 12, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Because the BIA declined to review the IJ's pretermission of Mazibuko's asylum application, we have reviewed only the adverse credibility determination. *Id*. The applicable standards of review are well established. *See*

8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications governed by the REAL ID Act, such as Mazibuko's, the IJ may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, candor, or responsiveness, or on inconsistencies in his statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165. Here, a totality of the circumstances, including the IJ's demeanor finding, inconsistencies in Mazibuko's testimony, and the lack of corroborating evidence, supports the IJ's credibility determination.

First, the IJ reasonably found that Mazibuko's testimony was evasive and non-responsive. For example, the IJ asked Mazibuko at least five times what paperwork he had that would prove he was a member of the Kwa-Thema Crisis Committee and where that paperwork would be, but Mazibuko never answered the question directly.

The IJ also reasonably found Mazibuko's testimony inconsistent with his asylum application. Mazibuko testified

3

that he was harmed only on one occasion, around 2000. His personal statement accompanying his asylum application, however, describes in detail several earlier incidents in which he was arrested, detained, or tortured. The agency may reasonably rely on omissions in a petitioner's testimony in evaluating credibility. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent.").

Furthermore, Mazibuko's testimony regarding the dates he left the United States and entered South Africa was internally inconsistent and unclear. He testified inconsistently as to whether he left the United States in 1991 or 1995, and whether he returned to South Africa in 1998 or traveled back and forth between South Africa and other African countries between 1995 and 1998. Mazibuko was also inconsistent as to his reasons for traveling to the United States. Despite his request for asylum, Mazibuko testified that he came to the United States in 2009 to visit his daughter, not to flee persecution.

Finally, Mazibuko failed to submit corroborating evidence sufficient to support his claim. He provided no documentary evidence of his party affiliation or his work in the

4

organization supporting immigrants to South Africa, medical records of his injuries, or statements from family or friends to confirm his account of persecution.

Given Mazibuko's non-responsive, inconsistent testimony and his lack of corroborating evidence, substantial evidence supports the agency's adverse credibility determination, which provided an adequate basis for denying Mazibuko asylum, withholding of removal, and CAT relief.  *See* 8 U.S.C. § 1158(b)(1)(B); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

5